IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. CURRY, | No. C 12-04576 EJD (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | |
| A. MEDINA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner at Pelican Bay State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

At Salinas Valley State Prison, plaintiff alleges that correctional officers Cobian, Lugo, Garcia and Medina used excessive force against him by slamming him against a wall and then throwing him on the ground and kneeing him in the face five to seven times. As a result plaintiff suffered abrasions on his elbow and knee, a swollen aye and lumps on his back, head and shoulders. (Compl. at 3-6.) Liberally construed, Plaintiff's allegations are sufficient to state a colorable claim for excessive force in violation of the Eighth Amendment.

Plaintiff states that Lieutenant Negron observed what occurred and told the defendants to stop, but failed to report the incident and to properly supervise his staff. Plaintiff also states that a nurse, Guest-Brown, conspired with the other defendants by making a false report and correctional counselor Smith denied plaintiff's inmate appeal. Plaintiff's claims against Negron, Guest-Brown and Smith are DISMISSED WITH LEAVE TO AMEND.

That Negron observed the incident, told the others to stop and then failed to report them fails to state a constitutional violation. Plaintiff's allegations against Negron as a supervisor are also insufficient to state a claim. A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012)

1  (citing <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011); <u>Starr v. Baca</u>, 652 F.3d 1202,
2  1207 (9th Cir. 2011); <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir.
3  1991) (en banc). A supervisor therefore generally "is only liable for constitutional
4  violations of his subordinates if the supervisor participated in or directed the violations, or
5  knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040,
6  1045 (9th Cir. 1989).

7  His allegations against Guess-Brown are conclusory and insufficient. If plaintiff
8  amends he must provide more details. Plaintiff is not entitled to an appeals process thus
9  his claim against Smith is also dismissed with leave to amend. See <u>Ramirez v. Galaza</u>,
10 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no constitutional right to a prison
11 administrative appeal or grievance system); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.
12 1988) (same).

13
14                                    **CONCLUSION**
15   For the foregoing reasons, the Court orders as follows:
16   The complaint is DISMISSED with leave to amend. Within **twenty-eight (28)**
17 **days** of the date this order is filed, Plaintiff shall file an amended complaint using the
18 court's form complaint. The amended complaint must include the caption and civil case
19 number used in this order and the words "AMENDED COMPLAINT" on the first page
20 and write in the case number for this action, Case No. C 12-04576 EJD (PR). Plaintiff
21 must answer all the questions on the form in order for the action to proceed.
22   **Failure to respond in accordance with this order by filing an amended**
23 **complaint will result in the dismissal of this action without prejudice and without**
24 **further notice to Plaintiff.**
25   In the alternative, Plaintiff may file notice that he wishes to proceed only with the
26 claims found cognizable above against correctional officers Cobian, Lugo, Garcia and
27 Medina and to have all other claims stricken from the complaint.
28   The Clerk shall include two copies of the court's complaint with a copy of this

Order of Dismissal With Leave to Amend
04576Curry_dwlta.wpd                         3

1  order to Plaintiff.
2
3  DATED: ___12/6/2012___                    _____
4                                             EDWARD J. DAVILA
                                               United States District Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LYDELL CURRY,<br><br>        Plaintiff,<br><br>  v.<br><br>A MEDINA et al,<br><br>        Defendant. | Case Number: CV12-04576 EJD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 6, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marcus L. Curry P74528
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: December 6, 2012

                                        Richard W. Wieking, Clerk
                                        /s/ By: Elizabeth Garcia, Deputy Clerk